IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HALL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1374 |
| | : | |
| SEPTA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                                           **APRIL 24, 2024**

    Plaintiff Paul Hall initiated this *pro se* civil action and named as Defendants SEPTA, TWU Local 234, the Commonwealth of Pennsylvania, Judge David Conroy, and Nicole Von Celis. Hall seeks to proceed *in forma pauperis* in this case. For the following reasons, the Court will grant Hall leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.**      **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

    Hall filed two prior cases in this Court that appear to stem from at least some of the same underlying incidents. His first case was commenced in May 2022, when Hall filed numerous documents pertaining to his former employment with SEPTA. *See Hall v. Miller*, Civil Action No. 22-1951. The Court granted Hall's request to proceed *in forma pauperis*; however, since the submission failed to comply with the Federal Rules of Civil Procedure, the Complaint was dismissed and Hall was given leave to file an amended complaint. (*See id.* at ECF Nos. 5, 6.) He filed an Amended Complaint and named as Defendants Victoria Dupree Miller, Stephen J. Walters, Judge Debra Bowers, David Stern, Bethann Naples, and Judge David Conroy. (*Id.* at ECF No. 7.) The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it in its entirety for lack of subject matter jurisdiction, as the Amended Complaint

raised only state law claims and Hall failed to meet his burden of establishing the complete diversity of the parties.  (*Id.* at ECF Nos. 8, 9.)  Hall's motion for reconsideration was denied.  (*Id.* at ECF Nos. 14, 15.)

In November 2022, Hall brought a second case, and named as Defendants SEPTA, TWU Local 234, Judge Debra Bowers, Bethann Naples, Esquire, and David Stern, Esquire.  *See Hall v. SEPTA*, Civil Action No. 22-4759.  He alleged discrimination on the basis of a disability and sought leave to proceed *in forma pauperis*.  (*Id.* at ECF Nos. 1, 2.)  Upon statutory screening of the Complaint, the Court determined that Hall's Complaint failed to comply with the Federal Rules of Civil Procedure and failed to state a claim because the allegations in the Complaint were too vague.  (*Id.* at ECF No. 4.)  Hall was granted leave to proceed *in forma pauperis*, his claims were dismissed, and he was given leave to file an Amended Complaint.  (*Id.* at ECF Nos. 4, 5.)  On January 4, 2023, Hall filed an Amended Complaint.  (*Id.* at ECF No. 6.)  By Order dated January 20, 2023, the Court dismissed Hall's claims against Judge Bowers, Ms. Naples, and Mr. Stern pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and directed the claims against SEPTA and TWU Local 234 to proceed to service.  (*Id.* at ECF No. 7.)  After review of the motions to dismiss filed by SEPTA and TWU Local 234 pursuant to Federal Rule of Civil Procedure 12(b)(6), in a March 27, 2024 Memorandum and Order, the Court granted the motions and dismissed Hall's Complaint with prejudice as barred by the statute of limitations.  (*Id.* at ECF Nos. 18, 19.)  Hall's subsequent motion for reconsideration of the Court's determination was denied on April 3, 2024.  (*Id.* at ECF Nos. 20-22.)

On April 2, 2024, Hall commenced the matter that is presently before the Court.[1] Hall utilized a standard form to submit his Complaint and checked the box to indicate federal question jurisdiction, but he listed a Pennsylvania criminal statute, 18 Pa. Cons. Stat. § 5301 (defining the crime of official oppression) as the basis for that assertion. (*See* Compl. at 3.) The nature of Hall's claims once again are difficult to discern because they are presented in a vague and disjointed manner. He alleges that the events giving rise to his claims began in 2018 and did not end until 2023. (*Id.* at 4.) According to Hall, "it started with a workers comp claim at SEPTA in 2018" which "turned into a fraudulent harassment charge(s) in 2022 brought by TWU Local 234." (*Id.*) He contends that "[t]hey also put out a 2 page publication with 1000% lies." (*Id.*)

Throughout his Complaint, Hall directs the Court's attention to, and references, his prior litigation matters in this Court, as well as a state court workers compensation matter and his state court criminal prosecution. (*See id.*) Hall asserts that "evidence" was submitted in these matters and can be found in those cases, and appears to suggest that he is unable to access some, or all, of the purported "evidence." (*Id.*) In particular, Hall alleges that "criminal charges were not dismissed until 2023" and "Judge Conroy held me on 100k for 4 months for those fraudulent charges. Vikki Miller got to commit fraud and perjury. Nikki Von Celis sent Vikki texts of my FB post to assist in my false imprisonment." (*Id.*) He further claims that "Chief Defender James Temple" refused to present his evidence in his criminal case and that his "evidence got thrown away by CFCF." (*Id.*) He seeks back pay and future pay, as well as other monetary damages. (*Id.*)

---

[1] The allegations set forth in this portion of the Memorandum are taken from Hall's Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

3

II.     STANDARD OF REVIEW

The Court grants Hall leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires that the Court determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hall is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "A complaint must

contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).

## III.   DISCUSSION

Hall may not proceed on his claims at this time because the manner in which he has presented his claims is so confusing, disjointed, and unclear, that neither the Court nor the Defendants could be expected to understand the nature of the claims he brings and the factual basis underlying each claim. Although Hall used the Court's standard form complaint to set forth his allegations, the events related to the alleged harms Hall claims to have suffered are not apparent even under a careful reading and liberal construction of the Complaint.

As noted above, the complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93. "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.*; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94.

As discussed above, Hall previously brought suit against Defendants SEPTA, TWU Local 234, and Judge David Conroy, among others. While some of the allegations in Hall's

5

current Complaint are similar to some of the allegations in his prior cases, due to the vague nature of his allegations the Court cannot ascertain whether Hall is attempting to reassert any claims that have previously been dismissed. Because the facts are alleged in an unclear and disjointed manner, the Complaint fails to provide fair notice of the grounds upon which Hall's claims against each Defendant rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). Accordingly, Hall's Complaint fails to comply with Rule 8 and to state a claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Hall leave to proceed *in forma pauperis*, and dismiss his Complaint without prejudice pursuant to the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Hall will be permitted the opportunity to file an amended complaint. An appropriate order follows, which contains additional instructions as to amendment.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**
