IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HALL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1374 |
| | : | |
| SEPTA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                **MAY 17, 2024**

    Plaintiff Paul Hall initiated this *pro se* civil action and named as Defendants SEPTA, TWU Local 234, the Commonwealth of Pennsylvania, Judge David Conroy, and Nicole Von Celis. Currently before the Court is Hall's Amended Complaint. For the following reasons, the Amended Complaint will be dismissed with prejudice.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

    As recounted in this Court's April 24, 2024 Memorandum screening Hall's initial Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Hall filed two prior cases in this Court that stem from at least some of the same underlying incidents. His first case was commenced in May 2022, when Hall filed numerous documents pertaining to his former employment with SEPTA. *See Hall v. Miller*, Civil Action No. 22-1951. The Court granted Hall's request to proceed *in forma pauperis*; however, since the submission failed to comply with the Federal Rules of Civil Procedure, the Complaint was dismissed and Hall was granted leave to file an amended complaint. (*See id.* at ECF Nos. 5, 6.) He filed an Amended Complaint and named as Defendants Victoria Dupree Miller, Stephen J. Walters, Judge Debra Bowers, David Stern, Bethann Naples, and Judge David Conroy. (*Id.* at ECF No. 7.) The Court screened the

Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it in its entirety for lack of subject matter jurisdiction, as the Amended Complaint raised only state law claims and Hall failed to meet his burden of establishing complete diversity among the parties. (*Id.* at ECF Nos. 8, 9.) Hall's motion for reconsideration was denied. (*Id.* at ECF Nos. 14, 15.)

In November 2022, Hall filed a second case, and named as Defendants SEPTA, TWU Local 234, Judge Debra Bowers, Bethann Naples, Esquire, and David Stern, Esquire. *See Hall v. SEPTA*, Civil Action No. 22-4759. He alleged discrimination on the basis of a disability and sought leave to proceed *in forma pauperis*. (*Id.* at ECF Nos. 1, 2.) After screening the Complaint, the Court determined that Hall's Complaint failed to comply with the Federal Rules of Civil Procedure and failed to state a claim because the allegations in the Complaint were too vague. (*Id.* at ECF No. 4.) Hall was granted leave to proceed *in forma pauperis*, his claims were dismissed, and he was given leave to file an Amended Complaint. (*Id.* at ECF Nos. 4, 5.) On January 4, 2023, Hall filed an Amended Complaint. (*Id.* at ECF No. 6.) By Order dated January 20, 2023, the Court dismissed Hall's claims against Judge Bowers, Ms. Naples, and Mr. Stern pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and directed that the discrimination claims against SEPTA and TWU Local 234 pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Pennsylvania Human Relations Act proceed to service. (*Id.* at ECF No. 7.) After review of the motions to dismiss filed by SEPTA and TWU Local 234 pursuant to Federal Rule of Civil Procedure 12(b)(6), in a March 27, 2024 Memorandum and Order, the Court granted the motions and dismissed Hall's Complaint with prejudice as barred by the statute of limitations. (*Id.* at ECF Nos. 18, 19.) Hall's subsequent motion for reconsideration of the Court's determination was denied on April 3, 2024. (*Id.* at ECF Nos. 20-22.)

On April 2, 2024, Hall commenced the matter that is presently before the Court. Hall utilized a standard form to submit his Complaint and checked the box to indicate federal question jurisdiction. However, he listed a Pennsylvania criminal statute, 18 Pa. Cons. Stat. § 5301 (defining the crime of official oppression) as the basis for that assertion. (*See* Compl. at 3.)[1] The nature of Hall's claims once again were difficult to discern because they were presented in a vague and disjointed manner. He alleged that the events giving rise to his claims began in 2018 and did not end until 2023. (*Id.* at 4.) According to Hall, "it started with a workers comp claim at SEPTA in 2018" which "turned into a fraudulent harassment charge(s) in 2022 brought by TWU Local 234." (*Id.*) He claimed that "[t]hey also put out a 2 page publication with 1000% lies." (*Id.*)

Throughout his Complaint, Hall directed the Court's attention to, and referenced, his prior litigation matters in this Court, as well as a state court workers compensation matter and his state court criminal prosecution. (*See id.*) Hall asserted that "evidence" was submitted in these matters and can be found in those cases, and suggested that he is unable to access some, or all, of the purported "evidence." (*Id.*) Hall alleged that "criminal charges were not dismissed until 2023" and "Judge Conroy held me on 100k for 4 months for those fraudulent charges. Vikki Miller got to commit fraud and perjury. Nikki Von Celis sent Vikki texts of my FB post to assist in my false imprisonment." (*Id.*) He further claimed that "Chief Defender James Temple" refused to present his evidence in his criminal case and that his "evidence got thrown away by CFCF." (*Id.*) As relief, Hall sought back pay and future pay, as well as other monetary damages. (*Id.*)

---

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

By Memorandum and Order dated April 24, 2024, the Court granted Hall leave to proceed *in forma pauperis* and dismissed his Complaint without prejudice for failure to comply with to the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  (ECF Nos. 5, 6.)  Hall was advised that he could not proceed because the manner in which he presented his claims in the initial Complaint was so confusing, disjointed, and unclear, that neither the Court nor the Defendants could be expected to understand the nature of the claims and the factual basis underlying each claim.  Hall was given the opportunity to file an amended complaint to correct the deficiencies noted by the Court.

Hall filed an Amended Complaint on April 29, 2024.  (ECF No. 7.)  While the allegations are rambling and difficult to discern, the Court understands Hall once again primarily to raise claims pertaining to his employment with SEPTA and his contention that TWU Local 234 did not adequately represent him in his employment dispute that stemmed from a worker's compensation claim and SEPTA's alleged failure to accommodate his disability.  (*See* Am. Compl. 3-10, 15-20, 23, 24, 25.)  Hall contends that he conducted a peaceful protest on Facebook concerning SEPTA and the union's incompetence.  (*Id.* at 5-6, 17, 25.)  It appears that a criminal harassment complaint was initiated against Hall in connection with his social media posts.  (*Id.* at 6-10, 17-19, 21-22.)

The Court understands Hall also to allege that Judge David Conroy presided over Hall's criminal prosecution.  (*Id.* at 10.)  Hall claims that Judge Conroy refused to permit him to call witnesses, issued a warrant despite a note from Hall's doctor, and intentionally appointed counsel who was ineffective.  (*Id.* at 10-11, 24-25.)  He further asserts that "Judge David Conroy acted egregious and should be impeached for his actions against" Hall.  (*Id.* at 12.)  As relief, Hall seeks back pay, future pay, pain and suffering, and other damages.  (*Id.* at 14.)

## II.     STANDARD OF REVIEW

Since Hall was granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the Court dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hall is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

In addition, a court may dismiss a complaint based on an affirmative defense, such as *res judicata*, when the defense is apparent on the face of the complaint. *See Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)"); *Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007) (*per curiam*) ("[A] court may sua sponte dismiss an action [on the basis of res judicata] where the court is on notice that it previously decided the issue presented." (citing *Arizona v. California*, 530 U.S. 392, 412 (2000))); *see also Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) ("With respect to affirmative

defenses, such as res judicata . . . [the Court] may also look beyond the complaint to public records, including judicial proceedings.").

## III. DISCUSSION

Hall failed to comply with Federal Rule of Civil Procedure 10 in that he did not include a caption in his Amended Complaint, and therefore, did not identify the Defendants against whom he seeks to present his claims. To the extent he seeks to bring claims against the same Defendants that he named in the initial Complaint, the Court can discern no basis for a plausible claim against the Commonwealth of Pennsylvania or Nicole Von Celis.[2] As discussed more fully below, Hall's claims against SEPTA and TWU Local 234 based on the termination of his employment and handling of a worker's compensation matter are barred by the doctrine of *res judicata*. There are defects in Hall's remaining claims as well.

### A. Claims Barred by *Res Judicata*

Hall's current claims against SEPTA and TWU Local 234 based on the termination of his employment and the handling of a worker's compensation matter are precluded due to the dismissal of his prior case based on the same subject matter. "Claim preclusion — which some courts and commentators also call res judicata — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final

---

[2] To the extent Hall seeks to bring a claim against the Commonwealth of Pennsylvania for a violation of his constitutional rights in the criminal prosecution, states are not considered "persons" for purposes of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. See Pennhurst State Sch. And Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984); A.W. v. Jersey City Public Schs., 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. See 42 Pa. Cons. Stat. § 8521(b). With respect to Defendant Nicole Von Celis, Hall alleges only that she provided Vicki Miller with screenshots of Hall's social media posts. (See Am. Compl. at 6, 20.) This sole allegation fails to state a claim within the Court's federal question jurisdiction. Accordingly, the claims for money damages Hall seeks to assert against the Commonwealth of Pennsylvania and Nicole Von Celis will be dismissed.

judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated. *Id.* In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32. "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)). The "purpose of [the *res judicata*] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 551 (3d Cir. 2006) (citation omitted).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies[ ][3] and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). All three elements of *res judicata* exist here. With respect to the first element, the Court's March 27, 2024 Memorandum and Order dismissing Civil Action No. 22-4759 with prejudice constitutes a "final

---

[3] Claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. Taylor v. Sturgell, 553 U.S. 880, 893-94 (2008).

7

judgment on the merits" for purposes of *res judicata*. *See Paul Hall v. SEPTA*, Civ. A. No. 22-4759 (E.D. Pa.) (ECF Nos. 18, 19). The second element also is met. Hall named SEPTA and TWU Local 234 as Defendants in each lawsuit. Thus, the Defendants named in this case, and their privies, were named by Hall in his prior lawsuit. *See Gage v. Somerset Cnty.*, No. 22-2696, 2023 WL 179847, at *1 (3d Cir. Jan. 13, 2023) (*per curiam*) (finding privity requirement satisfied to bar claims against supervisor who was named in second lawsuit because he allegedly knew about his employees' illegal conduct and sought to cover it up); *see also Sheridan*, 609 F.3d at 261 ("The fact that there are additional parties in *Sheridan II* does not affect our conclusion" that claim preclusion applies); *Pasqua v. Cnty. of Hunterdon*, No. 15-3501, 2017 WL 5667999, at *12 (D.N.J. Nov. 27, 2017) ("[W]here the claims presented in the two actions are identical, the County Defendants were named in both actions, and the Individual Defendants have a close and significant relationship to the County Defendants, the Court finds that the 'same parties or their privies' requirement of the claim preclusion defense has been satisfied.") (citing cases). With regard to the third prong, it is readily apparent that the claims against SEPTA and TWU Local 234 regarding Hall's employment and the handling of his worker's compensation matter alleged in Hall's Amended Complaint in the instant civil action are based on the same series of events at issue in his prior case. Accordingly, the final judgment in his prior lawsuit precludes Hall from reasserting his claims in this lawsuit.[4]

### B. Claims Against Judge David Conroy

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386,

---

[4] To the extent Hall seeks to present claims against SEPTA and TWU Local 234 that are not barred by res judicata, the Court cannot discern a plausible basis for any claim.

393-94 (1989) (internal quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Hall claims that Judge Conroy, who presided over his state court criminal proceedings, refused to permit him to call witnesses, issued a warrant despite a note from Hall's doctor, and intentionally appointed counsel who was ineffective. (Am. Compl. at 10-11, 24-25.) He further asserts that "Judge David Conroy acted egregious and should be impeached for his actions" against Hall. (*Id.* at 12.) The Court understands Hall to bring these claims pursuant to § 1983, and to allege that Judge Conroy violated Hall's due process rights during the state court criminal proceedings. However, Hall's claims against Judge Conroy must be dismissed. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v.*

*Sparks*, 449 U.S. 24, 27 (1980). Since Hall's claims against Judge Conroy are based on acts he took in his judicial capacity while presiding over a matter over which he had jurisdiction, Judge Conroy is entitled to absolute judicial immunity from Hall's claims. *See Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (finding judges were entitled to immunity because acts were taken in judicial capacity and plaintiff did not show an absence of jurisdiction, and immunity applied despite allegations of bad faith and conspiracy), *aff'd*, 572 F. App'x 68 (3d Cir. 2014). Accordingly, Hall's claims against Judge Conroy will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Amended Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court concludes that amendment would be futile because Hall cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

Hall is warned that if he continues to submit similar filings in the future regarding the same subject matter of the claims presented here, he could be subjected to an order that limits his ability to file cases in this Court. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction . . . ."). An Order follows,

which dismisses this case and shall be docketed separately. *See* Federal Rule of Civil Procedure 58(a).

                                           **BY THE COURT:**

                                        */s/ R. Barclay Surrick*
                                        **R. BARCLAY SURRICK, J.**